IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

KRIS K. AGRAWAL, individually
As Owner/Manager of Good Gas, LLC
**Plaintiff**

Case No. CIV-24-731-R

Vs.

**Jury Trial Requested**

① Oklahoma Corporation Commission,
② Cody Burch, ③ Jeff Perkins, ④ Brad Ice,
⑤ David Lansdale, ⑥ Robin Strickland
⑦ and John Does 1-5, Individually
and Joint Tort Feasors
Joint and Several Liability Defendants

FILED

JUL 19 2024

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____naa_____, DEPUTY

## COMPLAINT

FACTS

1. This action seeks monetary damages, injunction, and other relief because of the deprivation of civil rights by the Oklahoma Corporation Commission (OCC) and its Officials.
2. Multiple times, SHUT DOWN Orders have been posted by OCC employees on several wells and wells have been plugged without any authority, notice, hearing of or an Order.
3. The latest of this deprivation occurred on July 7, 2024. See Figure 1.
4. Cody Burch of Oklahoma Corporation Commission posted a SHUT DOWN RED STICKER on a producing oil well named Blevins 1-32 drilled in 1980 in the Center of SE/4 of NE/4 Section 32, Township 2 North, Range 1 West of Garvin County. This occurred without due process or any notice or cause.
5. A Red Tag was found at the wellhead, in the evening by a Pumper on July 17, 2024.
6. A lock was found on the Electric Pumping Panel near the producing well.
7. Further a RED TAG of OCC was found at the Electric Pole of Rural Electric Coop (REC). Upon request, REC sent a Fieldman who said the Tag was not placed by them and they did not place any lock on the Pump Panel.
8. Upon inquiry on July 17, 2024, Cody Burch stated to Agrawal that the posting of SHUT DOWN Red Tag was authorized by his supervisor.

9. Agrawal asked the name of the supervisor. He advised Jeff Perkins.
10. Agrawal asked the supervisor of Jeff Perkins, He said Brad Ice.
11. Agrawal asked why Jeff Perkins ordered SHUT DOWN without our knowledge or due process.
12. Cody Burch stated that Blevins well is owned by the Oklahoma Corporation Commission, and it is to be plugged by the State Funds.
13. Agrawal asked what authority the State has to own the well or plug a Producing well.
14. Cody said that it was never transferred to Oilfield Production, Inc.(OFP), hence it is an abandoned well.
15. Agrawal asked Robert Reed of OFP (the Operator) if the well transfer was approved. He stated that FIVE of the many wells purchased from U.S. Bankruptcy Court were approved on a 1073MW Form on October 4, 2003. This includes Blevins, IVEY-1, Lane -1, a Water-producing well, WSW, and Frank Dennis et al, which is gas well. The paid receipt no is 2408441 on October 2, 2003, in the amount of $225.00. See **Figure 2.** Lane 2, injection well status was withdrawn during Bankruptcy Stay.
16. The Gas wells are producing wells by definition.
17. On July 18, 2024, Agrawal called Brad Ice. He admitted that the wells were transferred to Oilfield Production, Inc. but there is an unabated 1085 violation.
18. Agrawal called Robert Reed if he received a 1085 on the Blevins well. Robert said NONE.
19. Agrawal now believes that Lane -1 well was shut down by David Lansdale. Oil was produced and sold. Royalty money is with the State Treasurer. Dual envelopes have been printed to mail out checks to more than 135 Royalty and Working Interest Owners found in a file recovered from the Bankruptcy Trustee who is no more. No notice was given to anyone owning and operating the East Gibson Sand Unit. **Figure 3** shows the Unit wells owned by Good Gas, LLC, but transfer is delayed due to advice by Tyler Trout of OCC.
20. Dennis Landsdale has no reason to block the production of this well. There are 980 acres in the East Gibson Sand Unit, which is owned by Good Gas ,LLC.
21. The OCC plugged Peters 1-28 during Bankruptcy Stay without notice to the Trustee or permission from the Bankruptcy Court. This well was no harm to anyone.
22. A Tort Claim was filed. In Garvin County Case no. CJ-2004-18, the OCC attorney advised the Court that OCC is immune to damages and the Federal Court has jurisdiction.

23. Oklahoma Statute 17 O.S. § 53 prohibits the Oklahoma Corporation Commission from plugging any producing wells unless it is polluting groundwater, which cannot be remedied which must be proven during a public hearing. This must be publicized in Newspapers in Oklahoma County and County where the well is located.
24. Only the Oklahoma District Courts can Order to Plug a well.
25. The Oklahoma Supreme Court decided Galmore to find Habendum Clause in the Oil and Gas Leases valid and wells capable of producing are producing wells.
26. Agrawal found that the Oklahoma Corporation Commission has plugged several wells in the East Gibson Sand Unit . Donham, Cindy (Mallory), C.E Garner, and more wells have been plugged. See **Figure 4**.
27. When one Unit well is producing, all wells in the Unit are legally recognized as Producing wells.
28. An inquiry on why the Lane -1 well is not allowed to be produced was sent to the Corporation Commissioners by Registered mail on June 17, 2024. This inquiry has not been answered. **Figure 5**, includes Formation of East Gibson Sand Unit.
29. Plaintiff alleges that all of the Defendants acted under color of state law and violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States. The plaintiff also brings two state law claims pursuant to this Court's supplemental jurisdiction.

**Jurisdiction**

30. This Court has jurisdiction over Plaintiff's federal claim under 28 U.S.C. §1331, § 1343 and 42 USC § 1983. The Court has supplemental jurisdiction over Plaintiff's second and third claims, which are based on state law, under 28 U.S.C. § 1367.
31. Venue in the United States District Court for the [Western District of Oklahoma] is proper pursuant to 28 U.S.C. § 1391.

**Parties**

32. Plaintiff Agrawal is a brown 80-year-old disabled male who resides in [Oklahoma City]. He has been producing oil and gas since 1983. The Oklahoma Corporation Commission had run off all minority well operators from the State.

33. Defendants Oklahoma Corporation Commission (OCC), Cody Burch, Jeff Perkins, Brad Ice, Dennis Lansdale, and Robin Strickland are State Residents.

**Facts**

3

34. Many wells were sold by the Bankruptcy Trustee of South Creek Petroleum on June 21, 2023. The wells purchased by others were transferred and operated. Agrawal wells were targeted by OCC for plugging making various false allegations.

35. Oklahoma Bureau of Investigation (OSBI) was advised that all Severance, and required state Taxes have been paid.

36. The Defendants did not have a court order to plug wells or SHUT down Operations.

37. None of the Defendants afforded an opportunity to be heard before the plugging or Posting SHUT down Order under color of Law.

38. As a proximate result of Defendants' actions, Plaintiff has been deprived of his income and suffered damages in excess of ~~ten~~ _Five_ million dollars. Additionally, he has incurred expenses and suffered extreme embarrassment, shame, anxiety, and mental distress.

**First Claim 42 U.S.C. § 1983--Against All Defendants**

39. Plaintiff incorporates the preceding paragraphs by reference as if fully rewritten herein.

40. Defendants at all times relevant to this action were acting under color of state law.

41. Defendants have unlawfully deprived Plaintiff of his property without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States.

42. Defendants made up their own Rules and Regulations without the Rule making procedure, and made unreasonable and warrantless seizure of Plaintiff's private property in violation of the Fourth Amendment to the Constitution of the United States as incorporated and applied to the states by way of the Fourteenth Amendment to the Constitution of the United States.

43. At all times relevant hereto, Defendants acted pursuant to a policy or custom of the OCC depriving Plaintiff of private property without court order and without providing an opportunity to be heard.

45. Defendant OCC _in Gahrin no_ County adopted clear policies and failed to professionally train its officials as to their proper role which prohibits them of repossession of Blevins well.

4

46. Defendant OCC policy or custom of usage is not written, and its failure to adopt clear policies and failure to professionally train its employees, were a direct and proximate cause of the constitutional deprivation suffered by Plaintiff.

**Second Claim2 Conversion and Violation of Fifth Amendment—By Defendants**

47. Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

48. Without Plaintiff's consent, Defendants intentionally deprived Plaintiff of his rightful possession of the property and income.

49. At all times relevant hereto, these Defendants acted with malice, recklessness, and total and deliberate disregard for the contractual and personal rights of Plaintiff.

**Third Claim Violation of Oklahoma Law against plugging wells and disregarding Bankruptcy Stay.**

50. Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

51. Defendants actions were the proximate cause of the damages alleged by Plaintiff in the preceding paragraphs. Each plugged well shall require one million dollars to redrill.

52. A Shut-in-producing stripper well is capable of earning $250/day.

Prayer for Relief

WHEREFORE, Plaintiff prays for the following relief:

With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the plaintiff is unable to exercise judgment about how many state claims to include. One Tort Claim is already filed for plugging of Peters 1-28 during Bankruptcy Stay.

A. On his first claim, a judgment for compensatory damages in an amount to be determined at trial, plus reasonable attorney fees pursuant to 42 U.S.C. § 1988, against all Defendants;

B. On his second claim, a judgment for compensatory and punitive damages in an amount to be determined at trial, against Defendants;

C. On his third claim, a judgment for compensatory damages, with a minimum amount pursuant to [state Tort Claim Act] which includes one million dollars for each plugged well;

D. A jury trial on all appropriate issues;

E. An award of costs and expenses against the Defendants;

F. any other relief this Court may deem appropriate.

Respectfully submitted,

*/s/ Kris K. Agrawal*
Kris K. Agrawal

Plaintiff
4133 North Lincoln Blvd.
Oklahoma City, OK 73105
405-326-0888